# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 07CR1477-L |
| Plaintiff, | |
| vs. | **ORDER** |
| CIRILO FLORES-PEREZ, | |
| Defendant. | |

On March 8, 2010, the Court of Appeals invited this Court to address Cirilo Flores-Perez's ("Petitioner") Petition for Writ of Mandamus. The Court submits this response to clarify and reaffirm its December 1, 2009 denial of Petitioner's request for a preliminary hearing.

## I. BACKGROUND

On November 8, 2007, Petitioner was convicted of attempted transportation of an illegal alien, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), in the instant case, D.C. No. 07CR1477-L. On February 4, 2008, the Court sentenced Petitioner to 30 months imprisonment, followed by 3 years supervised release. One of the mandatory conditions of Petitioner's supervised release was "not to commit another federal, state, or local crime."

On July 29, 2009, Petitioner was released from custody and his term of supervised release commenced. Shortly thereafter, on September 11, 2009, Petitioner was arrested for alien smuggling. On September 23, 2009, an indictment was returned, charging Petitioner with

attempted transportation of illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). The case was assigned to District Judge Sabraw, D.C. No. 09CR3487-DMS (hereinafter "the new case").

On November 6, 2009, a Petition for Warrant or Summons for Offender Under Supervision was issued in the instant case on the basis of the indictment in the new case.[1] On November 17, 2009, a preliminary hearing was held before Magistrate Judge McCurine on the alleged supervised release violation. Petitioner requested an opportunity to question adverse witnesses at the hearing. Judge McCurine denied the request, finding the interests of justice did not require live witness testimony. Judge McCurine further found there was probable cause that Petitioner had violated his supervised release, and referred the matter to this Court for the revocation hearing.

On December 1, 2009, Petitioner moved this Court to hold a contested hearing on the alleged violation. The Court denied the motion and set the final revocation hearing for February 1, 2010.[2] Petitioner objected and requested a preliminary hearing pursuant to Rule 32.1(b). The Court denied his request.

On January 25, 2010, Petitioner's trial in the new case commenced. The jury was unable to reach a verdict, and a mistrial was declared on January 29, 2010. Currently, a re-trial is set for April 12, 2010. Petitioner's revocation hearing has been continued to April 19, 2010.

## II.  DISCUSSION

### A.  PETITIONER DOES NOT HAVE A RIGHT TO A PRELIMINARY HEARING

Petitioner argues the Court violated his due process rights and Rule 32.1 by denying his request for a preliminary hearing. As an initial note, Petitioner *did* receive a preliminary hearing on November 17, 2009. At that hearing, the Magistrate Judge found probable cause that Petitioner violated his supervised release. Petitioner just did not have the opportunity to question the agents

---

[1] Petitioner was in custody on the new alien smuggling charge when the Court issued the warrant for violating his supervised release.

[2] The Court selected February 1, 2010 for the final revocation hearing because it was the first available date after Petitioner's trial in the new case, which started on January 25, 2010.

who arrested him.[3] Even if the Magistrate Judge's rulings were erroneous, the relief Petitioner seeks is not appropriate because he has no right to a preliminary hearing.

In *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973), the United States Supreme Court held that probationers are entitled to a preliminary and final revocation hearing, under the conditions outlined in *Morrissey v. Brewer*, 408 U.S. 471 (1972). Those rights were codified in Rule 32.1 of the Federal Rules of Criminal Procedure.

However, it is well settled law in the Ninth Circuit that a probationer is not entitled to a preliminary hearing when he is already in custody at the time of revocation proceedings for a crime committed while he was under supervision. *See United States v. Diaz-Burgos*, 601 F.2d 983, 984-85 (9th Cir. 1979) (per curiam). In *Diaz-Burgos*, the defendant had been convicted of illegally re-entering the United States after having been previously deported. While he was on probation for that offense, he again illegally entered the United States and was arrested. Thereafter, his probation was revoked. The defendant appealed, arguing the revocation violated his due process rights. The Ninth Circuit rejected his claim. The Court held "we do not agree with [defendant's] contention that it was necessary to provide him with a preliminary probable cause hearing as was required in *Gagnon v. Scarpelli*, because [defendant] was already in custody at the time of the revocation proceeding by reason of a second re-entry prosecution." *Id.* at 984-85 (internal citation omitted).

The facts here are nearly identical to the facts in *Diaz-Burgos*. Like Diaz-Burgos, Petitioner was convicted of a federal crime and placed on probation. Like Diaz-Burgos, Petitioner was under supervision when he was arrested for committing a new federal crime. And finally, like Diaz-Burgos, Petitioner was in custody by reason of his new federal charges at the same time as the revocation proceedings. Therefore, under *Diaz-Burgos*, a preliminary hearing was not required in the instant case. *See also United States v. McNease*, 52 Fed.Appx. 384 (9th Cir. 2002) (unpublished) (citing

---

[3] Rule 32.1(b)(1)(B)(iii) expressly provides that a judge may deny a request to question adverse witnesses at a preliminary revocation hearing if "the judge determines that the interest of justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(1)(B)(iii). *See also United States v. Simmons*, 812 F.2d 561, 564 (9th Cir. 1987) (stating probationers possess "some right to confront and cross-examine adverse witnesses . . . unless the hearing officer specifically finds good cause for not allowing confrontation.").

*Diaz-Burgos*, 601 F.2d at 984-85) ("The district court correctly ruled that a preliminary probable cause hearing was not required because [defendant] was not in custody on the ground that he violated a condition of supervised release, but rather was being held as a result of his subsequent arrest for importing marijuana.").

The Ninth Circuit is not alone in holding that a probationer does not have a right to a preliminary revocation hearing when he is in custody awaiting prosecution on other charges. *See e.g. United States v. Pardue*, 363 F.3d 695, 697-98 (8th Cir. 2004) (stating Rule 32.1 applies "only to those individuals in custody *solely* for the violation of probation or supervised release" and finding the district court did not erroneously deny the defendant a preliminary hearing where he was being held on charges of committing state law crimes in addition to his supervised release violation) (emphasis added); *United States v. Tucker*, 524 F.2d 77, 78 (5th Cir. 1975) (holding that where probationer is incarcerated at the time of attempted revocation, "there is no immediate loss of freedom which would require the immediate probable cause hearing which the *Morrissey* and *Gagnon* Courts deemed necessary"); *United States v. Soles*, 336 Fed.Appx. 287, 289 (4th Cir. 2009) ("Fed. R.Crim.P. 32.1 applies only to those in custody solely for the violation of their supervised release."); *United States v. Jackson*, 2009 WL 5064337, *1 (8th Cir. Dec. 28, 2009) (unpublished) (holding Rule 32.1 "does not apply in this case because [the probationer] was already in custody for the federal drug crime when the court issued the warrant for violating his supervised release"); *Wallace v. United States*, 474 A.2d 401, 402-03 (D.C. 1984) (holding requirement that probationer receive a preliminary revocation hearing is inapplicable in cases where probationer is currently incarcerated pursuant to a pending prosecution for the commission of another crime); and *Wilson v. State*, 621 P.2d 1173, 1176 (Okla. Crim. App. 1980) ("It may be noted that the Due Process clause requirement of a preliminary hearing does not apply where the probationer or parolee is in custody on charges and for reasons separate from the revocation or acceleration proceedings.").

Under the controlling precedent of this Circuit, and the weight of well-reasoned persuasive authority, the Court finds Petitioner has no right to a preliminary hearing. Accordingly, the Court reaffirms its denial of Petitioner's request for a preliminary hearing.

///

B.   IT IS REASONABLE TO DELAY THE FINAL REVOCATION HEARING UNTIL AFTER PETITIONER'S NEW CRIMINAL CASE IS RESOLVED

Rule 32.1(b)(2) states that the district court "must hold the final revocation within a reasonable time." Under the circumstances of this case, the Court finds that it is reasonable to delay the final revocation hearing until after Petitioner's new case is resolved.[4] *See United States v. Jackson*, 295 Fed.Appx. 592, 594 (4th Cir. 2008) (holding revocation hearing was not unreasonably delayed by deferring action on the violation pending resolution of new charge that was inextricably linked with that alleged in the supervised release violation).

The Court believes holding the revocation hearing first does not promote judicial economy. For one, it will not resolve the matter on a global basis because of the different standards of proof between revocation proceedings and criminal trials. Therefore, as a practical matter, it will result in two trials, over the same issues, with the same witnesses. However, if the Court waits, the result of the new trial may resolve the revocation proceedings. If Petitioner is acquitted on the new charges it would alleviate the need for a full revocation hearing. Furthermore, postponing the hearing will avoid inconsistent findings on the same charge. For example, Petitioner could be found in violation of his supervised release for committing a new federal crime, only to be acquitted, under a higher burden of proof, at his criminal trial. Delaying will also avoid putting Petitioner in a situation where he must choose between invoking his right against self-incrimination at the revocation hearing, or risk having his statements used against him at his criminal trial. Therefore, the Court finds it makes far more sense to wait until Petitioner's new case is resolved before proceeding.

The Court notes that it is not alone in finding these policy reasons may justify delaying the final revocation hearing. For example, in *United States v. Sackinger*, 537 F.Supp. 1245 (W.D.N.Y. 1982), *aff'd*, 704 F.2d 29 (2d Cir. 1983), the court stated postponing probation violation proceedings

---

[4] The Court intends to hold Petitioner's final revocation hearing the week after his re-trial before Judge Sabraw. Currently, Petitioner's re-trial is set for April 12, 2010, and his revocation hearing is set for April 19, 2010. The Court will allow Petitioner to litigate any remaining issues at that time, and will give him the opportunity to present witnesses and evidence in mitigation and to argue in support of a lesser punishment. *See Diaz-Burgos*, 601 F.2d at 985-86.

1 "serves various salutary purposes" including:

> (1) permitting the probationer to clear himself of the criminal charges with the likely result that the probation violation proceedings will not be held, (2) avoiding the need to have the probationer testify in the probation violation proceeding as to matters which may prejudice him in the criminal case, [and] (3) avoiding inconsistent findings in the probation proceedings and the criminal case . . . If the probationer is convicted of the underlying criminal charges, the government's burden of proving the probation violation is also eased.

*Id.*, at 1250 (citing *LiPuma v. Gengler*, 411 F.Supp. 948, 950 (S.D.N.Y. 1976) (finding policy of delaying a parolee's revocation hearing pending his trial on subsequent charges "was for his benefit"). *See also Flint v. Mullen*, 499 F.2d 100, 105 (1st Cir. 1974) (noting that holding revocation hearing after probationer's criminal trial "is apt to be, if not also appear, more just.").

Therefore, based on the policy reasons discussed above, the Court reaffirms its decision to delay Petitioner's final revocation hearing until after the trial on his new criminal charges.

**IT IS SO ORDERED.**

DATED: March 22, 2010

_____
M. James Lorenz
United States District Court Judge